

# In the
# Missouri Court of Appeals
# Western District

| | |
|---|---|
| AMANDA K. WELCOME (RUNKLES), | WD79113 |
| **Respondent,** | OPINION FILED: |
| v. | August 30, 2016 |
| ANTHONY WADE WELCOME, | |
| **Appellant.** | |

**Appeal from the Circuit Court of Clay County, Missouri**
**The Honorable David Paul Chamberlain, Judge**

**Before Division Four: Mark D. Pfeiffer, Chief Judge Presiding,**
**James Edward Welsh, and Edward R. Ardini, Jr., Judges**

Anthony Welcome ("Father") appeals the circuit court's judgment modifying the child custody and child support provisions of the judgment that dissolved his marriage to Amanda Welcome Runkles ("Mother"). Finding no error, we affirm the circuit court's judgment.

## Background[1]

In February 2011, the Clay County Circuit Court entered a judgment dissolving the marriage of Father and Mother. The parties were granted joint legal custody and joint physical custody of their four children, two girls and two boys, who were ages 10, 6, 5, and 1 at the time. The court designated Mother's address as the children's for mailing and educational purposes.

---

[1]"We view the evidence in the light most favorable to the decree and disregard all contrary inferences and evidence." *Clayton v. Sarratt*, 387 S.W.3d 439, 441 n.1 (Mo. App. 2013).

Under the original parenting plan, Father and Mother exercised a two-week rotating schedule of equal parenting time, as follows:

**Week 1**: Monday (Mother), Tuesday (Mother), Wednesday (Father), Thursday (Father), Friday (Mother), Saturday (Mother), Sunday (Mother).

**Week 2**: Monday (Mother), Tuesday (Mother), Wednesday (Father), Thursday (Father), Friday (Father), Saturday (Father), Sunday (Father).

The original plan specified only Father's holidays. It stated, generally, however, that "[t]he children shall reside with [Mother] except at the following specific times when the children shall reside with [Father]," indicating that Mother's holidays were those not designated as Father's. It further provided that the "holiday and vacation schedules supersede the normal residence schedule," that the "parents and the children shall have telephone access with each other at reasonable times," and that the parents shall not use the children as messengers. The court ordered Father to pay $1,300 per month in child support. That was modified to $590 in 2012.

In February 2015, Mother filed a motion to modify the dissolution judgment. She sought to change Father's parenting time to every other weekend, from Friday at 6:00 p.m. to Sunday at 6:00 p.m. and one evening per week. Mother also sought modification of the child support. Father filed a counter-motion also seeking to modify the parenting plan and child support.

The parties' motions were taken up at a hearing on July 14, 2015. Mother presented evidence that Father had prohibited her from communicating with or contacting the children when they were in Father's custody. The evidence showed that Father had no landline telephone, had blocked Mother's number on his cell phone, and had relied on the children to convey messages to Mother. In addition, Father had denied Mother custody on her holidays when they fell during his regularly scheduled days. Mother also testified that the children were skipping nap time, losing their school work, and getting on the wrong bus at times because the original

2

custody schedule was confusing and made it hard for the children to remember which home they were going to on which day of the week.[2]

In its Judgment Order of Modification, the circuit court sustained both Mother's and Father's motions to modify "to the extent set forth in this Order." After making findings as to each of the statutorily mandated "best interests" factors, the court concluded that "it is in the [children's] best interest to modify the current custody order/parenting plan." The court rejected both parties' parenting plans and adopted its own. The court granted Father "alternating weekends from Friday after school until Monday morning before school . . . and every Wednesday after school until Thursday morning before school." The court also set forth a specific holiday schedule for *both* Mother and Father and reestablished the requirement that "each parent shall have reasonable access to the minor children by telephone."

The circuit court also rejected both parties' Form 14 calculations as to child support and adopted its own. The court granted Father a 25% adjustment for his periods of custody, and, in accordance with its Form 14 calculation, set Father's child support at $1,650 per month.

## Standard of Review

"We will affirm the judgment of the trial court unless it is not supported by substantial evidence; it is against the weight of the evidence; or it misstates or misapplies the law." *Clayton v. Sarratt,* 387 S.W.3d 439, 444 (Mo. App. 2013). "Judging credibility and assigning weight to evidence and testimony are matters for the trial court, which is free to believe none, part, or all of

---

[2]By the time of the modification hearing, the children were ages 14, 10, 9, and 5. The oldest child was in high school, and the three younger children attended an elementary school a block away from Mother's home. Father's home was approximately three neighborhoods away from Mother's.

the testimony of any witnesses." *Id*. at 444-45. We will "affirm the judgment of the trial court on any ground supported by the record." *Id*. at 445.

## Parenting Time

In Point I, Father contends that the circuit court misapplied the law in reducing his parenting time by fifty-two overnights per year without first making a finding that there had been a change in circumstances. Father asserts that, under section 452.410.1, RSMo,[3] the trial court must make a finding of a change of circumstances as to the children or their custodian as a threshold matter before considering the factors found in section 452.375.2, and, here, "the Trial Court did not make a finding as to a change in the circumstances of anyone."

As noted, the initial dissolution judgment designates the parties' custody arrangement as "joint physical custody." At issue is the scheduling of the custodial time between the parents. In *Russell v. Russell*, our Supreme Court held that a modification to the terms of a joint physical custody arrangement constitutes a custody modification that triggers the application of section 452.410. 210 S.W.3d 191, 196 (Mo. banc 2007). The Court explained that a modification to parenting time is a modification to the prior judgment, even though it does not change the custodial arrangement itself, and, therefore, the party seeking modification must show a change in circumstances pursuant to the standard in section 452.410.1. *Id*. at 196-97.

Under section 452.410.1, the court may grant a modification if it finds, "upon the basis of facts that have arisen since the prior decree . . . , that a change has occurred in the circumstances of the child[ren] or [their] custodian and that the modification is necessary to serve the best interests of the child[ren]." The change in circumstances necessary to modify a parenting time

---

[3]Statutory references are to the Revised Statutes of Missouri (RSMo) 2000, as updated by the 2013 Cumulative Supplement and the 2014 Noncumulative Supplement.

schedule need not be *substantial*; all that is required is that "a change has occurred in the circumstances of the child or his custodian."[4] § 452.410.1; *Clayton*, 387 S.W.3d at 446. "*[I]f the trial court finds that a change in circumstances has occurred, it **then** must determine whether a modification to the prior decree and parenting plan is warranted, considering the best interests of the children.*" *Prach v. Westberg,* 455 S.W.3d 513, 517 (Mo. App. 2015). In considering whether modification is in a child's best interests, the court is guided by section 452.375. *Tienter v. Tienter*, 482 S.W.3d 483, 489 (Mo. App. 2016).[5]

---

[4]A change in circumstances necessary to modify a prior custodial arrangement must be "substantial" *only* if a party seeks to change the custodial designation itself, for example, from joint custody to sole custody. *Clayton*, 387 S.W.3d at 446 (citing *Russell,* 210 S.W.3d at 196-97).

[5]The circuit court in this case reviewed and discussed all of the best interest factors in section 452.375.2 and found the following seven factors to be relevant:

**1. Wishes of the child's parents.** The Court finds that both parents are seeking to modify the current custody arrangement. Currently the parents, by agreement, have a parenting plan that requires the children to change homes several times a week. Both parents have offered parenting plans which seek to modify this arrangement. While the Court finds that both parties seeking to modify the current plan evidences the need for the Court to modify the current plan, this factor favors neither party.

**2. Frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father.** The Court finds that both parents have the ability and willingness to actively perform their function as a parent. The Court does find that the parties have shown a complete inability to communicate in person about relatively simple matters regarding the children [which] does make it much more difficult to co-parent. Having the belief that effective communication is a significant factor in one's ability to perform the function of a parent, including the ability and desire to communicate with the other parent, this Court finds that this factor favors mom.

**3. Interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interest.** Dad is remarried. Mom's adult brother lives with mom. The Court finds that neither of these individuals have significantly [a]ffected the minor children, either positively or negatively. The Court does find that dad and step-mom have engaged in private acts, but have inadvertently exposed the two oldest children to video excerpts of those private acts. The Court does find that Dad has taken certain steps such as reporting to others, such as [at] a volleyball registration, that step-mom is mom and excluded mom's information. This factor favors mom.

**4. Which parent is more likely to allow frequent, continuing and meaningful contact with the other parent.** The Court finds that, while communication has been very difficult between the parties, both parents have the ability to successfully make certain that the other parent has meaningful contact with the other that has not occurred. The Court finds that dad has restricted contact between himself and mom. More importantly, dad has blocked or frustrated communication between mom and the children while they are in his custody. The Court further finds that dad has taken an unreasonable interpretation of the current holiday schedule which has had the effect of limiting certain holidays with mom. This factor favors mom.

**5. Child's adjustment to the child's home, school and community.** The Court finds that the children (who are in school) are currently doing well. The Court finds that the children are well adjusted to both Mom's and Dad's home. This factor favors neither.

As noted, both Mother and Father filed motions to modify the original parenting plan in this case. Mother alleged in her motion that:

> Since the entry of said Judgment, there has been a substantial and continuing change in circumstances which now requires that the prior Judgment of the Court be modified.

Mother noted that, contrary to the terms of the dissolution judgment, Father "has failed, refused and declined" to allow the children telephone access with her and will not permit Mother to communicate with the children while they are visiting with him. Mother further noted that Father has blocked Mother's telephone number, has told the children they cannot call Mother when they are with him, and has told Mother that she cannot have contact with the children while they are with Father.

Father's counter-motion for modification alleged:

> Since the entry of the Judgment and Decree of Dissolution, and [2012] Judgment of Modification, there have arisen changes in circumstance which are substantial and continuing in nature, which now require modification of the Court's previous orders.

Among the "substantial and continuing changes" identified by Father were that "[Mother] refuses to abide by the Court's provisions with regards to joint legal custody of the minor children, such that the best interests of the minor children are no longer being met" and that "[Mother] refuses

---

. . . .

**7. Intention of either parent to relocate the principal residence of the child.** Since the entry of the original . . . Judgment, mom has moved without providing proper statutory notice. The move was one block from her previous home and the Court finds that the failure to provide notice had no effect on the minor children. No evidence was received as to any present intent; therefore, this factor favors neither.

**8. Wishes of the child.** Based on the young age of the children, while even though the Court received testimony from the two oldest children, age 14 and 10, this Court did not elicit nor receive direct testimony from either children on their wishes. Both children expressed frustration with the frequency of weekly exchanges, which this Court finds are not in the best interest of the children, based in part on the parties' inability to communicate. The communication at times has becomes so dysfunctional that dad has blocked mom from communicating with him or more importantly the children while they are in his custody. While the children did express frustration with the current plan, they did specifically express an interest in the specifics on [sic] a new plan. This factor favors neither.

6

to communicate with [Father] regarding issues concerning the minor children."  Father further specifically alleged that "it is in the best interest of the minor children for this Court to modify the terms of the parties' Parenting Plan as well as the order of support."  Father now suggests, however, that there were no changed circumstances.

This case is closely analogous to *Clayton*, in that, there, too, the parents shared joint physical and legal custody and both filed motions to modify the parenting schedule.  387 S.W.3d at 441-42.  The circuit court granted modification on the basis that "significant, continuing and meaningful changes in circumstances have occurred regarding the minor child and his custodians."  *Id.* at 447.  The court properly applied section 452.410 in granting modification, and this Court affirmed.  *Id*. at 451.  There, the father argued on appeal that the mother failed to support her motion for modification with substantial evidence of changed circumstances.  *Id*. at 447.  This Court concluded, however, that it need not address that issue because, in the father's own motion to modify, he had alleged a change in circumstances sufficient to justify modification.  *Id*.  We held that

> "[h]aving pleaded and presented evidence of a change in circumstances warranting modification of custody, Father cannot now be heard to complain that there was no change in circumstances."  Therefore, "[Father's] only cognizable argument on appeal is that the trial court's modification of the parenting time was not in [the child's] best interest."

*Id*. at 448 (quoting *Bather v. Bather*, 170 S.W.3d 487, 493 (Mo. App. 2005)) (internal citations omitted).  This Court further noted that, "[i]n reality, Father's complaint is that these are not the 'rearrangements' he preferred."  *Id*. at 448 n.20.  The same is true in this case, as well.

In any event, as noted in *Tienter*, section 452.410.1 "does not require written findings when determining the threshold issue of whether modification is warranted due to a change in circumstances."  482 S.W.3d at 489 (citing *Wood v. Wood,* 391 S.W.3d 41, 46 (Mo. App. 2012)).

7

Moreover, neither party in this case requested findings of fact or conclusions of law, and "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(c). Here, the circuit court found a change in circumstances, as evidenced by this finding:

> This Court further finds that, while in large part the minor children are presently doing well and are well adjusted, ***the inability of the parties to effectively communicate has made the current custody plan unworkable***. Both parties have pled, under oath, and testified in this proceeding, that each wants this court to modify the current custody order. The parties differ on the amount of "changes" that they desire, but unquestionably, both want Court intervention. The Court therefore finds that it is in the best interest to modify the current custody order/parenting plan. [Emphasis added.]

As illustrated by the foregoing, we need not consider Father's claim that the circuit court erred in failing to make a specific finding as to a change in circumstances. We note, nevertheless, that there was sufficient evidence of a change in circumstances to support the court's modification. Both Father and Mother alleged facts and presented evidence which showed that there was a severe breakdown in communication and cooperation between them. "In a joint custody situation, breakdown of parental communication and cooperation is sufficient, in and of itself, to constitute a change in circumstances." *Ndiaye v. Seye*, 489 S.W.3d 887, 897 (Mo. App. 2016). Here, the circuit court found that "the parties have shown a complete inability to communicate in person about relatively simple matters regarding the children" and that their "communication at times has becomes so dysfunctional that dad has blocked mom from communicating with him." The evidence fully supports those findings. This, alone, is sufficient to constitute a change in circumstances warranting modification of the parenting plan. *See id*. In a case such as this, the ultimate issue on appeal is "whether there was an evidentiary basis

8

supporting the modification ordered by the court." *Clayton*, 387 S.W.3d at 448. Here, there clearly was.

In addition, the modification of a prior custody arrangement will be upheld where "there is substantial evidence in the record" that it is in the best interests of the children. *Id*. Although Father does not contest the circuit court's best interests determination, the evidence supports the court's finding that modification of the parenting arrangement is in the children's best interests. In any event, our standard of review does not allow us to substitute our judgment as to the children's best interests for that of the circuit court.

In summary, there was evidence to support the trial court's finding that a change in circumstances has occurred (as alleged by both parties) and that the modification, as specified by the trial court, is in the best interests of the children. Point denied.

## Child Support

In Point II, Father contends that the circuit court erred in increasing his child support "to a sum of $1,750.00" (sic) because the court "misapplied the law in modifying parenting time by reducing 52 overnights per year from [Father]'s schedule, in that child support of $590.00 per month was appropriate had the equal parenting time of Father and Mother remained in place." Father argues that "the Trial Court's calculation is a misapplication of the law" because "the 52 overnights Father seeks to be restored to him [in this appeal] would entitle him to a greater line 11 adjustment than the 25%" granted by the trial court.

An award of child support is within the sound discretion of the circuit court, and this Court will not substitute its judgment for that of the circuit court. *Russell*, 210 S.W.3d at 198.

9

Once a *prima facie* case for modification of child support has been made,[6] "the court then determines the child support amount 'in conformity with criteria set forth in section 452.340 and applicable supreme court rules.'" *Ndiaye*, 489 S.W.3d at 899 (quoting § 452.370.2).

As noted, after modifying Father's parenting time (and granting him a 25% adjustment for his periods of custody), the circuit court concluded that the correct amount of child support from Father is $1,650 per month. Father does not contest the circuit court's calculation or dispute that the court utilized the correct credit on line 11 of Form 14, *if the Court's parenting plan is affirmed*. *See* Rule 88.01. Rather, Father's proposed Form 14 was based on the assumption that the circuit court would adopt his parenting time schedule. Instead, the court reduced his parenting time; and, thus, Father's Form 14 calculation is incorrect. "An incorrect Form 14 cannot support the modification of child support." *Ndiaye*, 489 S.W.3d at 899.

In summary, Point II is dependent upon the success of Father's claim of error in Point I. We are denying Point I, and, therefore, Point II must also be denied, as it is premised on error in changing the parenting plan. Point denied.

### Conclusion

Based on the foregoing, we affirm the circuit court's judgment.


/s/ JAMES EDWARD WELSH
James Edward Welsh, Judge


All concur.

---

[6]A trial court may modify a child support decree where there is "a showing of changed circumstances so substantial and continuing as to make the terms [of the original award] unreasonable." § 452.370.1. Where the application of the child support guidelines results in a change from the existing amount by 20% or more, a *prima facie* showing of such a change in circumstances has been made. *Id.*